UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GREMMELS,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY SOMKIN, et al.,<br><br>    Defendants. | Case No. 21-cv-05395-JCS<br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

The Court has granted Plaintiff's application to proceed in forma pauperis and therefore is required to review the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled. Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed.

## II. BACKGROUND

In the Complaint, Plaintiff alleges that between 2005 and 2007, he was prescribed Cialis Extended Formula ("the Medication") by Dr. Anthony Somkin, who was affiliated with Sutter Health ("Sutter"), "without evidence of erectile problems." Complaint at ECF p. 4. He alleges he purchased the Medication from a Walgreens store in Oakland. *Id.* at ECF p. 6. According to Plaintiff, he complained to Dr. Somkin about negative side-effects associated with the Medication but Dr. Somkin continued to prescribe it. *Id.* at ECF p. 6. Plaintiff alleges that the Medication resulted in a series of hospitalizations and arrests over an 18-month period, but Sutter did not discontinue the Medication. *Id.* at p. 5. Similarly, he alleges that despite multiple psychiatric hospitalizations at John George Psychiatric Pavilion, that hospital did not discontinue the

1  Medication. *Id.* at ECF p. 6.  The Oakland Police, who were involved with these hospitalizations,
2  also did not take Plaintiff off the Medication. *Id.*  Likewise, the San Francisco Police Department,
3  which was involved in an arrest for criminal mischief, also did not take Plaintiff off the
4  Medication. *Id.*  At the end of the 18-month period, Plaintiff "voluntarily quit Cialis." *Id.* at
5  ECF p. 5.

Plaintiff alleges that in 2011 he was diagnosed with Peyronie's Disease, which he alleges was caused, in part, by the Medication. *Id.* at ECF p. 7.  He alleges that there was a "crime driven justice obstruction that kept [him] in many stages of delay on filing." *Id.*  In particular, he alleges, "Stage One was denial." *Id.*  During this stage, Plaintiff alleges he "did not consider a lawsuit and no one recommended it." *Id.*  "Stage 2 was awareness and naming halted by war-driven task overwhelm." *Id.* He alleges that "Stage 3 is an evidence ready case yet huge opposition per hour per mile with weapons and chemical and medical and office supply tactics for anti-litigation schemes." *Id.*

Plaintiff names as defendants: 1) Dr. Somkin; 2) Sutter Health; 3) Cialis Eli Lilly & Co.; 4) Walgreens Co.; 5) John George Hospital; 6) Oakland Police; and 7) San Francisco Police.  He asserts a claim for violation of his right to "basic medical safety." *Id.* at ECF p. 8. He states that there is federal question jurisdiction based on "medical malpractice" and "pharmaceutical law." *Id.* at ECF p. 1.

### III. ANALYSIS

#### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6);

2

*see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.     Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v.*

3

1  *Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks
2  and citations omitted).  Two of the most common grounds for federal subject matter jurisdiction
3  are "federal question jurisdiction" under 28 U.S.C. § 1331, which allows federal courts to hear
4  claims arising under federal law, and "diversity jurisdiction" under 28 U.S.C. § 1332(a), which
5  allows federal courts to hear claims arising under state law if the plaintiff and defendants are
6  citizens of different states and the amount in controversy exceeds $75,000.

7  If a court has subject matter jurisdiction over at least one claim based on one of those
8  statutes or some other specific grant of jurisdiction, the court may also exercise supplemental
9  subject matter jurisdiction over "other claims that are so related to claims in the action within such
10 original jurisdiction that they form part of the same case or controversy under Article III of the
11 United States Constitution."  28 U.S.C. § 1367(a).  In determining whether claims are sufficiently
12 related to meet that test, courts look to whether they share a "'common nucleus of operative fact.'"
13 *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173–74 (9th Cir. 2002) (quoting *United Mine*
14 *Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

**C.   Discussion**

16 As a preliminary matter, the Court finds that Plaintiff has not adequately alleged the
17 existence of subject matter jurisdiction.  Although he has checked the box on his form complaint
18 for federal question jurisdiction under 28 U.S.C. § 1331, he does not identify any specific federal
19 statute or constitutional right that he alleges has been violated.  Rather, the Complaint refers only
20 generally to medical malpractice and undefined pharmaceutical law.  Medical malpractice is not a
21 federal Constitutional or statutory claim but a state law tort.  *See Black v. Delano Reg'l Med. Ctr.*,
22 2016 U.S. Dist. LEXIS 79415, at *19 (June 16, 2016 E.D. Cal.).  The Court is unable to determine
23 whether the "pharmaceutical law" referenced in the Complaint is a federal statute.  Nor does the
24 Complaint establish the existence of diversity jurisdiction as Plaintiff resides in California and the
25 allegations reflect that a number of Defendants also reside in California or are California entities,
26 namely, Dr. Somkin, Sutter Health, Oakland Police Department, the San Francisco Police
27 Department and John George Psychiatric Pavilion.
28 Further, even if Plaintiff were able to demonstrate the existence of federal jurisdiction, the

only specific claim the Court can discern from the Complaint, for medical malpractice, fails to state a claim because it is untimely.  In particular, under California law, the time for the commencement of a medical malpractice suit "shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Code Civ. Proc. § 340.5.  The allegations in the Complaint indicate that Plaintiff became aware of the injury allegedly caused by the Medication no later than 2011, when he was diagnosed with Peyronie's Disease.  As ten years has passed since he became aware of the diagnosis, any medical malpractice claim he may have had is now time-barred.

## IV. CONCLUSION

Accordingly, no later than **October 29, 2021**, Plaintiff must either file an amended complaint curing the deficiencies identified herein or file a response to this Order addressing the basis for federal jurisdiction and why his claims are sufficiently alleged.  If Plaintiff does not respond to this Order by October 29, 2021, the case will be reassigned to a United States district judge with a recommendation that the case be dismissed.   The case management conference previously set for **October 15, 2021 at 2:00 p.m**. is continued to **December 3, 2021 at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated:  September 28, 2021

JOSEPH C. SPERO
Chief Magistrate Judge